UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN BERNARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:23-cv-01341 ) |
| AMAZON.COM SERVICES LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

From August 2023 to November 2023, Justin Bernard repeatedly complained to multiple Amazon.com Services, LLC ("Amazon") managers that his co-worker, Antonio Jones, was continuously harassing him. Jones eventually assaulted Bernard at work. Amazon responded by terminating Bernard. He then filed this case against Amazon alleging negligent hiring, supervision and retention as well as vicarious responsibility for the assault.

Amazon has filed a motion to dismiss arguing that the exclusivity provision in the Workers' Compensation Act, Tenn. Code Ann. § 50-6-108, requires dismissal of this case. (Doc. No. 19). The motion is ripe for decision. (Doc. Nos. 25, 29). Amazon may be correct but the Complaint does not allege facts for the Court to conclude that Bernard's injuries "arise out of" his employment with Amazon.

Amazon's Federal Rule of Civil Procedure 12(b)(6) motion challenges whether Bernard states a claim showing that he is entitled to relief. This Court must determine whether the Complaint alleges "sufficient factual mater, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While the complaint does not need detailed factual

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions" or "a formulaic recitation of a cause of action's elements[.]" Twombly, 550 U.S. at 555.

Bernard alleges facts that he was injured at Amazon. However, Amazon asserts a dispositive affirmative defense based on the exclusivity provision of the Workers' Compensation Act. Cloyd v. Hartco Flooring Company, 274 S.W.3d 638, 647 (Tenn. 2008); Lunsford v. A.C. Lawrence Leather Co., 225 S.W.2d 66, 69 (Tenn. 1949) (employer has the burden of proof to establish application of the Workers' Compensation exclusivity bar). This impacts the Court's 12(b)(6) analysis. "Courts generally cannot grant motions to dismiss on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleading." Pfeil v. State St. Bank & Tr. Co., 671 F.3d 585, 599 (6th Cir. 2012). However, when the complaint "contains facts which satisfy the elements of the defendant's affirmative defense, the district court may apply the affirmative defense." Estate of Barney v. PNC Bank Nat' Ass'n, 714 F.3d 920, 926 (6th Cir. 2013). The Court turns to whether the Complaint proves Amazon's affirmative defense.

In Woods v. Harry B. Woods Plumbing Co., 967 S.W.2d 768, 771 (Tenn. 1998), the Tennessee Supreme Court explained that § 50-6-108 of the Workers' Compensation Act provides the exclusive remedy for Tennessee workers injured at work. That section states:

> The rights and remedies granted to an employee. . . on account of personal injury or death by accident. . . shall exclude all other rights and remedies of the employee. . . at common law or otherwise. . . .

As a result, the Workers' Compensation Act is the exclusive remedy for an employee injured at work. Valencia v. Freeland & Lemm Constr. Co., 108 S.W.3d 239, 242 (Tenn. 2003). Tennessee courts have "created an exception to the exclusivity provision for intentional torts committed by an employer against an employee." (Id.). To trigger this exception the "employer must actually

2

intend to injure the employee." Henry v. CMBB, LLC, 797 F. App'x 258, 262 (6th Cir. 2020) (applying and citing Tennessee cases). There are no allegations in the Complaint to support the conclusion that Amazon had the intent to injure Bernard.

Even if the employer passes the "intentional tort" bar, not every injury in the workplace is covered by the Workers' Compensation Act "merely because it took place in the workplace or involved coworkers," Doe v. Matthews 25, Inc., 322 F. Supp. 3d 843, 853 (M.D. Tenn. 2018). "To be compensable under Tennessee Workers' Compensation Act, an injury must both arise out of the work and occur in the course of employment." Padilla v. Twin City Fire Ins. Co., 324 S.W.3d 507, 511 (Tenn. 2010). An injury occurs in the course of" employment "when it takes place within the period of the employment at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto." Blankenship v. Am. Ordnance Sys., LLS, 164 S.W.3d 350, 354 (Tenn. 2005). Here, the factual allegations are sufficient to conclude that Bernard's injury occurred while and during the course of working for Amazon on its premises.

When coworkers like Bernard and Jones engage in a workplace brawl, the Tennessee Supreme Court created a special test to determine if the injury satisfies the "arising out of" requirement. In Woods v. Harry B. Woods Plumbing Co., the Court held:

> We believe that issues of whether assaults upon employees arise out of the scope of employment can best be divided into three general classifications: (1) assaults with an "inherent connection" to employment such as disputes over performance, pay or termination; (2) assaults stemming from "inherently private" disputes imported into the employment setting from the claimant's domestic or private life and not exacerbated by the employment; and (3) assaults resulting from a "neutral force" such as random assaults on employees by individuals outside the employment relationship. 967 S.W.2d at 771.

"The Woods categories focus on what catalyst spurred the assault, i.e. was it a dispute arising from a work-related duty, was it a dispute arising from a personal matter, or was it unexplained or

irrational?" Wait v. Travelers Indem. Co. of Illinois, 240 S.W.3d 220, 228 (Tenn. 2007). "An assault that is spurred by neither a catalyst inherently connected to the employment nor stemming from an inherently private dispute is most aptly labeled as a 'neutral force' assault." (Id.)

The complaint here is silent on "what catalyst spurred the assault." Bernard's factually naked allegations that his claims "arose from Bernard's employment with Defendant" and "acts committed by Jones within the course and scope of his employment for Defendant," (Doc. No. 1 ¶¶ 5, 26), are mere legal conclusions. They deserve no consideration on Defendant's motion to dismiss. Sturgill v. American Red Cross, 114 F.4th 803, 807 (6th Cir. 2024) ("When considering a motion to dismiss, we must accept as true all factual allegations, but need not accept any legal conclusion.") (citing Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011)).

Bernard's substantive allegations describing Jones' harassment offer no factual allegations exploring "why" or "what" sparked Jones' behavior. Bernard says that Jones' harassment started in August 2023 when Jones followed, stared at and threatened him. (Doc. No. 1 ¶ 8). Then, by September 21, 2023 Bernard told Jones to "leave him alone." (Id. ¶ 9). After September 21, Bernard alleges Jones' harassment became "increasingly aggressive." (Id. ¶ 11). By November 2, 2023, Bernard reports that Jones "continuously harassed him that day, and was being aggressive with the harassment." (Id.). The tension between Bernard and Jones reached its apex "thirty minutes" after Bernard met with human relations representatives. At that moment Jones continued to harass Bernard by insulting him. "Jones made an incoherent comment about Bernard's mother. When Bernard asked Jones to repeat the comment about his mother, Jones immediately attacked Bernard." (Id. ¶ 13). There are no factual allegations that Jones' behavior toward Bernard arose from some workplace issue, or the employment relationship or in any way related to the business

4

of Amazon. Likewise, there are no factual allegations that Jones' action was provoked by a personal feud between them. While Bernard argues that reference to his mother means it was personal, that is a thin reed to support that conclusion. The absence of any facts on what provoked Jones' conduct toward Bernard does not support a conclusion that this was a neutral assault. At bottom, the complaint does not answer why Jones harassed Bernard. The Court cannot apply any of the <u>Woods</u> categories. Without any factual allegations "on what catalyst spurred" the assault, the motion to dismiss must be denied because, at this stage, the Court cannot conclude that Bernard's injuries arose from his employment.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE